MANIER *v.* HODGES.

4-9204                                          230 S. W. 2d 960

Opinion delivered June 19, 1950.

Rehearing denied July 3, 1950.

*S. L. Gladish* and *Wils Davis,* for appellant.

*James E. Hyatt, Jr.,* and *A. F. Barham,* for appellee.

DUNAWAY, J. This is an appeal by Mary Hale Manier from a decree quieting title to certain property in Osceola, Arkansas, in appellee, Samuel Major Hodges, Jr.

In 1909, James P. Hale acquired this property by purchase and occupied it until his death on December 1, 1930. Mr. Hale died intestate leaving as survivors his widow, Mary E. Hale, and his daughter, Mary Hale Manier, his sole surviving heir-at-law.

On October 23, 1911, Hale and his wife executed a deed of trust to said property to one C. C. Ermen, to secure an indebtedness in the principal sum of $800, with interest at five per cent. per annum, due "thirty days after the death of both of us." The deed of trust and note were subsequently assigned to J. T. Coston, who in turn assigned them on May 4, 1925, to the Times Publishing Company of Osceola.

Mary E. Hale on March 16, 1935, executed a deed to this property to the Times Publishing Company. That deed contained this recital:

"The consideration for this conveyance is the satisfaction of a mortgage held by Times Publishing Co. on said lot, and the assumption of payment of all taxes and assessments thereon, and the agreement on the part of Times Publishing Co. to pay me $5.00 per month, monthly as long as I live. An express lien is hereby retained on said lot for the payment of said sums."

After the execution of this deed, which was duly acknowledged and also signed by appellant as a "witness," the Times Publishing Company went into possession of the property, which was vacant at the time. One agreed monthly payment of five dollars was made to Mary E. Hale, who died April 13, 1935, about one month after she had executed the deed above mentioned.

On April 1, 1946, the Times Publishing Company by warranty deed conveyed the property to S. M. Hodges, Sr., who died intestate on December 14, 1946. His widow Ethel, and son, the appellee, survived him. Ethel Hodges died December 31, 1946.

Appellee brought this suit to quiet title on October 29, 1947. Appellant answered contending that appellee and his predecessors in title had held the property as mortgagees in possession, and prayed an accounting of the rents and profits, and a determination of the amount of the indebtedness then due. Appellee in reply pleaded the statute of limitations under more than seven years adverse possession, laches and estoppel.

The Chancellor found all issues in favor of the plaintiff and entered a decree quieting title in Samuel Major Hodges, Jr.

As opposed to appellant's contention that appellee and those through whom he claimed title were mortgagees in possession, appellee maintains that the Times Publishing Company went into possession of the property under the deed of March 16, 1935, from Mary E. Hale. It is his contention that appellant had actual knowledge that the Times Publishing Company was in possession claiming to own the property in fee; and that seven years after the death of the life tenant, Mary E.

Hale, its adverse possession ripened into title against the appellant.

The evidence clearly supports the Chancellor's finding in favor of appellee. Appellant testified that Mr. Coston mailed the deed which her mother executed on March 16, 1935, to Mary E. Hale at Hot Springs where she resided with appellant. Appellant refused to sign the deed and objected to her mother doing so. However, when her mother insisted on executing the deed, appellant took her to a notary public and appellant signed the deed on its face as a "witness." Mrs. Manier admitted that she knew the contents of the instrument.

Appellant testified that " . . . I wrote Mr. Coston and told him that I was in a position to take that note up and he said there was nothing I could do about it, so then I sent word to Mr. Hodges and told him that I thought that he was doing a terrible injustice to me and that I wasn't satisfied with it and sooner or later he would hear from me." Although the exact date of the letters here referred to is not shown by the record, it is evident that appellant knew from the time the deed was executed, that the Times Publishing Company was claiming ownership of the Hale property.

It is undisputed that appellant made no effort to recover possession of the property, or even discuss the matter with Mr. Hodges, from the time of her mother's death in 1935 until this action was brought in 1947. The possession of the Times Publishing Company, claiming under the deed from Mary E. Hale, became adverse to appellant at the death of the life tenant. See *Bradley Lumber Co. of Arkansas* v. *Burbridge,* 213 Ark. 165, 210 S. W. 2d 284, and cases therein cited at p. 171. Appellant therefore is barred by the seven-year statute of limitations from asserting any claim to the property in suit.

The decree is affirmed.